ANTONIO FOTTORI *vs.* ANTONIO VESELLA.

PROVIDENCE—JUNE 5, 1905.

PRESENT: Douglas, C. J., Dubois and Blodgett, JJ.

(1) *Procedure. Depositions. Jury.*

While the practice in this State is not to allow depositions introduced in a case to go to the jury room, yet, where the only fact contained in the deposition was one which could not have been forgotten by the jury, a new trial will be refused, although the deposition was by inadvertence permitted to be taken by the jury.

ASSUMPSIT. Heard on petition of defendant for new trial, and granted conditionally.

PER CURIAM. The grounds for granting a new trial insisted upon at the hearing are that the verdict was against the evidence and that a deposition with an annexed statement of account was given to the jury with the papers in the case.

The evidence shows that Messrs. Oelrichs & Co. allowed to the defendant, in settlement of account, a sum of money to be returned to the plaintiff for steamship tickets which he had bought and did not use. This clearly gave him an action against the defendant for money had and received to his use. But the jury allowed him the sum which he originally paid, $58.35, whereas the amount refunded was diminished by deductions for commissions, and was only $43.60. This, with interest to the date of the trial, $7.85, amounts to $51.45.

(1) The account annexed to the deposition was a proper exhibit to go to the jury. The deposition itself seems to have been given to them, with the other papers, by inadvertence. If the defendant's counsel had examined the papers when the sheriff in charge of the jury took them, and had objected, the deposition would have been retained by the clerk. The practice on this subject varies in different jurisdictions. In some States it is forbidden by statute to send depositions to the jury room; in others, depositions introduced in the case are allowed to go to the jury room. Our practice is to exclude them, the jury

12

being required to rely upon their memory to recall the written evidence as well as the oral testimony. In this case we can not see that the error could have had any effect upon the minds of the jury, as the only fact contained in the deposition was one which could not have been forgotten.

The error in the amount of the verdict should be corrected, and a new trial will be granted unless the plaintiff within ten days shall remit all of the verdict in excess of $51.45.

Case remitted to the Common Pleas Division for further proceedings in accordance with this opinion.

*William M. P. Bowen*, for plaintiff.

*John C. Quinn*, for defendant.